HUDSON TAXI COMPANY, A CORPORATION OF NEW JER-
SEY, PROSECUTOR, v. ADAM NIEDZWCKI, AN INFANT,
BY ALEXANDER WASILEWSKI, HIS NEXT FRIEND,
AND STANLEY WASILEWSKI, DEFENDANTS.

Argued May 5, 1925—Decided October 5, 1925.

**Negligence—Order to Show Cause Why Writ of Certiorari to Re-
view Decision of Judge in Refusing to Allow New Trial
Should Not be Granted—Question of Lack of Evidence Should
be Raised on Appeal—Question of Contributory Negligence
Likewise—Alleged Abuse of Discretion of Judge in Declining
to Set Aside Verdict Cannot be Considered on Certiorari as
Questions of Fact Will Not be Reviewed Where There is
Evidence in Record to Support Findings—Fact That At-
torney For Plaintiff Was An Office Associate of a Judge
of the Court of Common Pleas, Though the Case Was Not
Before Such Judge, Does Not Constitute a Case For Con-
sideration on Certiorari.**

On rule to show cause why a new trial should not be
granted.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *Hopkins & Herr.*

For the defendants, *Frank M. Hardenbrook* (*William
George,* of counsel).

PER CURIAM.

This case is before us upon an order to show cause why a
writ of *certiorari* should not be granted to review the de-
cision of the judge presiding at the trial of the case in the
Hudson County Court of Common Pleas in refusing to grant
to the defendants a new trial. The application is an unusual
one. The reasons for the allowance of the writ given by the
applicant will be considered in their order.

The first reason is that there is no evidence in the case of
any negligence at all on the part of the defendant. This is

a question which should be raised on appeal. When there is no evidence of negligence a defendant can, by motions to nonsuit and for the direction of a verdict, if the motions, or either of them, are denied, be protected by exceptions to the rulings so as to bring the question before an appellate court for review. If counsel fails to make the motions or to take exceptions thereto, if made and denied, this affords no ground for the allowance of a writ of *certiorari* to review the questions as to whether there was sufficient evidence presented by the plaintiff to make out a case of negligence.

The second reason advanced is that the uncontradicted evidence showed that the plaintiff was guilty of contributory negligence. This is likewise a question which can be determined upon appeal. The same procedure as above outlined regarding the question of negligence should be taken for the protection of the defendant upon the question of contributory negligence. That it has not been taken is not a sufficient ground for the allowance of a writ of *certiorari*.

The third reason advanced for the allowance of the writ is that the great preponderance of the evidence shows that the defendant was guilty of no negligence and the plaintiff was guilty of contributory negligence, and that the plaintiff had not sustained the burden of proof. The trial judge allowed a rule to show cause to the defendant. He declined to set aside the verdict on the ground now urged. This was a question peculiarly for the decision of the trial judge. It is claimed he abused his discretion. If a writ of *certiorari* was allowed this question could not be considered as questions of fact will not be reviewed on *certiorari* when there is in the record evidence to support the findings. *Westcott* v. *Sharp,* 50 *N. J. L.* 392.

The fourth ground is that the attorney for the plaintiff was an office associate of a judge of the Hudson County Court of Common Pleas, and that the trial of this case before the Hudson County Court of Common Pleas, although before a judge of a Court of Common Pleas of another county, may have prejudiced the court and jury against the defendant. This is a roundabout imputation of impropriety. It is

a mere suspicion. There is no evidence to support it. If it were proven to be so *certiorari* would not be the proper remedy for the consideration of the question.

The fifth reason is that the attorney appearing for the plaintiff was acting for a judge of the Hudson County Court of Common Pleas, and that the filing fees of the papers filed in the present suit were paid out of the deposit of such judge with the county clerk's office, and that said judge was the real attorney in this suit practicing law in violation of the statute. The depositions taken under the rule include the testimony of the judge and lawyer referred to. They deny that there was any relationship or arrangement between them with reference to the present case, and explain that for many years prior to the judge's appointment the filing fees of the attorney had been paid, by arrangement betweeen them, out of the judge's deposit, and this had continued after his appointment. They further testified that the judge had no interest in the present litigation. There is nothing which would tend to show that in the present case the trial judge was in any way influenced in his conduct at the trial by the arrangement mentioned as to filing fees between the judge of the Hudson County Court of Common Pleas and the plaintiff's attorney.

*Certiorari* is also not the proper procedure to bring into question the impropriety alleged, assuming it existed.

The application for a writ of *certiorari* is denied.